UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BANDA, MANUEL BANDA and LORENA BANDA,<br><br>            Plaintiffs,<br><br>   v.<br><br>ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT,<br><br>            Defendant. | CASE NO. CV 13-3358-R<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES |

     Before the Court is Plaintiffs' Motion for Attorneys' Fees and Expenses and Plaintiffs' Motion for Reasonable Attorneys' Fees on Appeal. Having been thoroughly briefed by both parties, this Court took the matter under submission.

     Title 20 U.S.C. § 1415(i)(3)(B)(i) provides that the court may award reasonable attorneys' fees to the prevailing party. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437; *see also* 20 U.S.C. § 1415(i)(3)(F) (stating that "the court shall reduce" an award if the time spent was "excessive").

The Ninth Circuit raised three issues with this Court's previous order granting in part and denying in part Plaintiffs' Motion for Attorneys' Fees and Expenses. (Dkt. No. 20). These issues were: (1) the lack of adequate explanation given for reducing the time spent on closing brief by 15 hours; (2) the lack of further identification of hours block billed beyond the 48.9 to justify this Court's reduction of 100 hours; and (3) this Court's error in refusing to award attorneys' fees for the action of bringing the motion itself. In addition, the Ninth Circuit has given this Court jurisdiction over Plaintiffs' Motion for Reasonable Attorneys' Fees on Appeal.

First, this Court addresses the fact that Plaintiffs' Counsel spent more than 80 hours on the closing brief, which was previously found to be excessive. The Ninth Circuit has ruled that district courts have the discretion to reduce hours for duplicative work and can "impose a small reduction, no greater than 10 percent—a "haircut"—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1112, 1116 (9th Cir. 2008). Thus, this Court imposes a 10% reduction of the total hours Plaintiff's Counsel attributed to working on its closing brief. Therefore, instead of the original 15 hour reduction, 8 hours will be deducted.

Second, as mentioned in this Court's previous order, many of Counsel's billing entries are too vague to permit a reasonable analysis. In addition to the 48.9 hours originally identified by this Court, which the Ninth Circuit affirmed, an additional 71.2 hours of entries are too vague to permit a proper reasonable analysis. For example, on October 14, 2012, there is a 2-hour entry for "Continue preparation for hearing." Similarly, on October 15, 2012, there is a 2-hour entry for "Continue to prepare for hearing." On June 21, 2012, Counsel billed 10 hours for various tasks but did not itemize the tasks. Accordingly, it is difficult to determine whether the billing was reasonable. In an effort to be specific, this Court details each occurrence where Plaintiff's Counsel billed hours while failing to itemize the tasks: 6.80 hours on August 9, 2012; 0.10 hours on October 27, 2012; 0.10 hours on October 31, 2012; 14.40 hours on December 3, 2012; 9 hours on December 5, 2012; 9 hours on December 6, 2012; 8.30 hours on December 11, 2012; and 9.50 hours on December 12, 2012. By utilizing this block billing technique, Plaintiffs' Counsel has failed to meet its burden of showing that the requested fees are reasonable. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Accordingly, this Court has discretion to deduct a

1  total of 120.10 hours as being insufficiently documented.

2        The Ninth Circuit approved the original deduction of 35 hours for the excessive hearing
3  preparation time. Additionally, 120.10 hours is deducted as being insufficiently documented and 8
4  hours is deducted from the time spent preparing the closing brief. Accordingly, 243.80 hours is the
5  amount of time reasonably expended on the administrative proceeding. As affirmed by the Ninth
6  Circuit, the market rate for an attorney with the experience of Plaintiffs' Counsel in Antelope
7  Valley during the time the administrative proceeding took place is $350.00 per hour. Thus, 243.80
8  hours multiplied by the local rate of $350.00, totals $85,330.00.

9        Third, with respect to attorneys' fees for the district court action, the Ninth Circuit ruled
10 that this Court erred in refusing to award fees on fees. *See Barlow-Gresham Union High Sch. Dist.*
11 *No. 2 v. Mitchell*, 940 F.2d 1280, 1286 (9th Cir. 1991); *Gonzalez v. City of Maywood*, 729 F.3d
12 1196, 1210 (9th Cir. 2013). Accordingly, the Court proceeds with a reasonableness analysis.
13 While Plaintiffs' Counsel seeks 151 hours of attorneys' fees along with $479.95 in additional
14 costs, 22.2 hours of Plaintiffs' billing entries are too vague to permit a consideration as to whether
15 they are reasonable. Again, in an effort to be specific, this Court details each occurrence where
16 Plaintiff's Counsel billed hours while failing to itemize the tasks: 0.20 hours on July 25, 2013;
17 0.10 hours September 9, 2013; 2.30 hours on September 12, 2013; 3 hours on September 17, 2013;
18 0.40 hours on September 18, 2013; 0.80 hours on October 1, 2013; 7.80 hours on December 5,
19 2013; 6 hours on December 8, 2013; 0.50 hours on January 7, 2014; 0.10 hours on January 9,
20 2014; and 1 hour on February 9, 2014. By utilizing this block billing technique Plaintiffs' Counsel
21 has failed to meet their burden of showing that the requested fees are reasonable. *Welch,* 480 F.3d
22 at 948. Accordingly, Plaintiffs' Counsel is entitled to 128.80 hours of compensation and $479.95
23 in costs.

24       A reasonable hourly rate is "to be calculated according to the prevailing market rates in the
25 relevant community…for similar services by lawyers of reasonably comparable skill, experience,
26 and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Ninth Circuit has consistently
27 held that the "relevant community" is the forum in which the district court is located. *Davis v.*
28 *Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991); *Gonzalez v. City of Maywood*, 729 F.3d

1196, 1205 (9th Cir. 2013). Plaintiffs have documented the appropriate hourly rates, which they supported with evidence that the $650.00 an hour and $575.00 sought by Plaintiffs' Counsel is the market rate in the legal community for lawyers of comparable skill, experience, and reputation. Of the 128.80 hours that Plaintiffs' Counsel is entitled to, 66.10 is attributable to the attorney with a reasonable hourly rate of $650.00 an hour and 62.70 is attributable to the other attorney at $575.00 an hour. When the hours attributable to each attorney are multiplied to the respective local hourly rate and then added together, Plaintiffs' Counsel is entitled to $79,017.50 plus the $479.95 in costs. Accordingly, $79,497.45 is awarded to Plaintiffs for this action.

Finally, the Ninth Circuit has assigned Plaintiffs' Motion for Reasonable Attorneys' Fees on Appeal to this Court. In the Ninth Circuit, "fees are ordinarily available to compensate attorneys for successful litigation of their fee applications, including work on appeal." *Barlow-Gresham*, 729 F.3d 1196 at 1210. Plaintiffs' Counsel was successful in litigating their fee applications on appeal. Furthermore, Plaintiffs have documented the appropriate hours expended and hourly rates. Accordingly, the $182,063.00 Plaintiffs seek for its work on the appeal is granted in its entirety.

In total, Plaintiffs' Counsel is awarded fees for the administrative hearings, plus fees and costs for this action, plus fees for the appeal. Accordingly, $346,890.45 is awarded to Plaintiffs.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Expenses is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reasonable Attorneys' Fees on Appeal is GRANTED.

Dated: July 28, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE